# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JANE ROE CLF 001, individually and on
behalf of all others similarly situated,

        Plaintiff,

    vs.

MATTHEW WEISS; THE REGENTS OF
THE UNIVERSITY OF
MICHIGAN; THE UNIVERSITY OF
MICHIGAN; KEFFER DEVELOPMENT
SERVICES, LLC,

        Defendants.

_____/

Case No.

Hon.

**DEMAND FOR JURY TRIAL**

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (P68616)
*rclarkson@clarksonlawfirm.com*
Yana Hart (*Pro Hac Vice Forthcoming*)
*yhart@clarksonlawfirm.com*
Bryan P. Thompson (*Pro Hac Vice
Forthcoming*)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff and
the Putative Class*

_____/

## CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

Plaintiff Jane Roe CLF 001 ("Jane Roe") individually and on behalf of all others similarly situated, ("Plaintiff") brings this Action against Matthew Weiss ("Weiss"), The University of Michigan ("University"), the Board of Regents of the University of Michigan ("Regents") (collectively with the University "University Defendants"), and Keffer Development Services, LLC ("Keffer"). Plaintiff's allegations are based upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiff's attorneys. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth below, after a reasonable opportunity for discovery.

## **INTRODUCTION**

1.     This class action stems from the University of Michigan's failure to protect the safety and trust of its students—particularly female student-athletes—by enabling former football coach Matthew Weiss to abuse his position and access university systems to commit obscene privacy violations over an eight-year period, from 2015 to 2023.

2.     Defendant Weiss was a prominent figure within the University's athletic program. In the course of his employment, the University granted him access to information systems containing highly sensitive student data. The access granted was unduly broad. It was also unmonitored.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

3.      Over the course of eight years, Weiss exploited this unfettered access to download sensitive personal data on hundreds of thousands of students, if not more. He then used it to systemically hack into personal accounts of primarily female student-athletes, stealing highly intimate photos and private conversations for his own perverse use. Reports indicate Weiss targeted at least 150,000 student-athletes within the University and over 100 other universities.

4.      These violations went undetected for nearly a decade due to the University's gross negligence in supervising employees and securing its student data systems. Despite leveraging its highly regarded athletics program to bolster its reputation and attract students, the University failed to implement even the most basic safeguards to protect the rights and privacy of its student-athletes.

5.      Sadly, this is not the first time the University has been complicit in enabling a sexual predator within its athletics program. Roughly five years ago, it was confirmed that one of the program's most prominent doctors had molested student-athletes for decades. The University's failure to address that egregious misconduct resulted in a historic $490 million settlement in 2022. But despite that resolution, the University took no meaningful action to review or improve its hiring, supervision, or oversight practices within the athletics department.

6.      Weiss was able to exploit these systemic failures of supervision, compounded by the University's equally deficient data security measures. Neither

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

the University nor Defendant Keffer, its data systems vendor, properly monitored those systems for unauthorized activity or unusual access patterns.

7.     Weiss' extensive data downloads of personal student data should have raised immediate red flags, had even basic monitoring protocols been in place. Instead, these failings enabled Weiss's predatory behavior to continue undetected for over eight years.

8.     Universities are responsible for supervising their employees. They are responsible for securing their data systems. Most of all, they are responsible for the safety and well-being of their students. University of Michigan failed on all counts.

9.     Hundreds of thousands of students and young women have been impacted by these life-altering events, with intimate aspects of their personhood and bodily integrity violated for almost a decade, amid an ongoing failure of the University even to notify impacted students. Court intervention is necessary to hold Weiss, the University, its Regents, and its vendor accountable for these tragic failures, and to ensure they never happen again. The University of Michigan may be world renowned for its academics as well as its athletics, but none of that matters if its students are not safe.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

## PARTIES

### *Plaintiff*

10.     Plaintiff Jane Roe[1] is a natural person and resident of the State of Michigan.

### *Defendants*

11.     Matthew Weiss is an individual who, on information and belief, resided in Michigan during all relevant times in this Complaint.

12.     The University of Michigan is a public university organized under the laws of Michigan, and located in Ann Arbor, Michigan.

13.     The Regents of the University of Michigan is the governing board of the University, and "shall constitute the body corporate, with the right, as such, of suing and being sued." Mich. Comp. Laws § 390.3-§ 390.4.

14.     Keffer Development Services, LLC is a Pennsylvania-based limited liability company registered to conduct business in Michigan with its principal place of business in Grove City, Pennsylvania, which does business nationwide, including throughout the State of Michigan.

---

[1] Given the significant privacy concerns at stake, Plaintiff respectfully requests permission to proceed pseudonymously and anticipates filing a Motion to Proceed Pseudonymously as necessary.

CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

15.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332(d) because this is a class action where the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one Class Member is a citizen of a state different from one of the Defendants. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

16.     This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367. Furthermore, the Class Members reside nationwide.

17.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District: The University Defendants have their principal place of business in this District and Class Members were affected by the Defendants' actions and inactions directed from this District.

///

///

///

///

CLASS ACTION COMPLAINT

# FACTUAL ALLEGATIONS

## *The University of Michigan*

18.    The University of Michigan is the largest public university and research institution in the state of Michigan, with 52,855 students enrolled in the fall of 2024.[2] The university was ranked #3 in National Public Universities by the U.S. News & World Report in 2024.[3]

19.    The University of Michigan's athletics department is highly funded and has $238,866,661 in operating revenues.[4] The University of Michigan's athletics team, the Wolverines, comprises 29 varsity sports teams. The Wolverines football team recently won the 2023 national championship of the NCAA Division I Football Bowl Subdivision. Roughly 1,032 student athletes participate in varsity sports at the University of Michigan, 544 of whom are male and 488 are female.[5]

---

[2] *University reports record enrollment for fall 2024*, UNIVERSITY OF MICHIGAN (Sept. 26, 2024) https://record.umich.edu/articles/u-m-reports-record-enrollment-for-fall-2024/#:~:text=The%20University%20of%20Michigan%20continues,within%20the%20state%20of%20Michigan.

[3] *Facts and Figures*, UNIVERSITY OF MICHIGAN, https://umich.edu/facts-figures/ (last accessed Mar. 26, 2025).

[4] Tony Garcia, *Michigan athletic department had $557K surplus for 2024 fiscal year with $238M in revenue*, DETROIT FREE PRESS (Jan. 30, 2025), https://www.freep.com/story/sports/college/university-michigan/wolverines/2025/01/30/michigan-athletic-department-revenue-2024/78054625007/.

[5] *University of Michigan - Ann Arbor Sports Information*, COLLEGE FACTUAL, https://www.collegefactual.com/colleges/university-of-michigan-ann-arbor/student-life/sports/ (last accessed Mar. 26, 2025).

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   F: (213) 788-4070   |   clarksonlawfirm.com

### *The University of Michigan Has Failed Its Students in The Past*

20.    The University of Michigan has failed their athletes in the past by failing to properly supervise and monitor their employees.

21.    In 2022, the University of Michigan reached a $490 million settlement in connection with the sexual abuse allegations involving the university's former sports team physician, Dr. Robert Anderson. At least 1,050 survivors came forward with accounts that Anderson molested or sexually abused them.[6]

22.    While that may be the most prominent example of the University's failure to protect students from sexual predators, it is not the only one. For example, in 2022 two graduate students also came forward with allegations of sexual harassment and abuse perpetrated by Professor Robert Stephenson in the School of Nursing at the University of Michigan. The students filed a complaint with The University of Michigan's Equity, Civil Rights and Title IX Office (ECRT) alleging Stephenson sexually harassed them, including sending them sexually explicit text messages and inflicting physical sexual abuse over the course of several years.[7] ECRT initially dismissed the evidence of sexual misconduct and concluded there

---

[6] Ivan Pereira*, University of Michigan reaches $490M settlement with sex abuse survivors*, ABC NEWS (Jan. 19, 2022), https://abcnews.go.com/US/university-michigan-reaches-490m-settlement-sex-abuse-survivors/story?id=82353991.

[7] *ECRT finds Nursing Prof. Robert Stephenson violated sexual misconduct policy, fabricated evidence*, THE MICHIGAN DAILY (Dec. 5, 2023), https://www.michigandaily.com/news/focal-point/ecrt-finds-nursing-prof-robert-stephenson-violated-sexual-misconduct-policy-fabricated-evidence/.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

was insufficient evidence to prove Stephenson violated the University's misconduct policy.

23.    However, because the students appealed, a follow-up ECRT investigation was conducted, proving that Stephenson forged documentation and attempted to destroy incriminating evidence.[8]  The University's inadequate and incomplete response the first time failed these students, further re-traumatizing them in the process. These failures reveal "that the power hierarchies, culture, and organizational workings of the University of Michigan enable and normalize abuse."[9]

24.    Another example of these systemic failures involved Martin Philbert, the former provost and chief academic officer. Philbert was the second-highest administrator at the University of Michigan—with a lengthy history of sexually harassing female employees and graduate students. In 2020, the University of Michigan reached a settlement of $9.25 million settlement with eight women who were sexually harassed by Philbert.[10]

---

[8] *Id.*

[9] *Another Harassment Scandal at the University of Michigan*, GRADUATE EMPLOYEES' ORGANIZATION (June 7, 2023), https://www.geo3550.org/2023/06/07/another-harassment-scandal-at-the-university-of-michigan/.

[10] David Jesse, *University of Michigan reaches $9 million settlement with 8 women who were sexually harassed by ex-provost*, USA TODAY (Nov. 18, 2020) https://www.usatoday.com/story/news/education/2020/11/18/university-michigan-martin-philbert-sexual-harassment-settlement/3764027001/.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

*__The Latest Tragedy__*

25.     On March 20, 2025, former University of Michigan football Co-Offensive Coordinator, Matthew Weiss, was charged in a 24-count indictment alleging 14 counts of unauthorized access to computers and 10 counts of aggravated identity theft.[11]

26.     From approximately 2015 through at least January 2023, Matthew Weiss, while employed at the University of Michigan's athletic department, acquired unauthorized access to the student athlete databases of more than 100 colleges and universities that were managed by a third-party vendor, Keffer Development Services. By compromising the passwords of accounts with elevated levels of access the University provided without oversight, Weiss was able to acquire access to these student athlete databases.[12]

27.     After acquiring access to these databases, Weiss then downloaded the personally identifiable information ("PII"), medical data and personal health

---

[11] *Former University of Michigan Football Quarterbacks Coach and Co-Offensive Coordinator Indicted on Charges of Unauthorized Access to Computers and Aggravated Identity Theft*, UNITED STATES ATTORNEY'S OFFICE, (Mar. 20, 2025) https://www.justice.gov/usao-edmi/pr/former-university-michigan-football-quarterbacks-coach-and-co-offensive-coordinator.

[12] Indictment at 2*, United States of America v. Matthew Weiss*, No. 2:25-cr-20165 (E.D. Mich Mar. 20, 2025), https://www.justice.gov/usao-edmi/media/1394076/dl?inline.

CLASS ACTION COMPLAINT

information ("PHI") (collectively "Private Information") of more than 150,000 student athletes.[13]

28.    Due to Defendants' poor cybersecurity measures, failure to limit access, and failure to oversee its employees and systems, Weiss was able to obtain download the encrypted passwords that athletes utilized to access Keffer Development Services' system to view and update the athletes' data by cracking the system's inadequate encryption that was purportedly "protecting" the passwords, easily guided by research he conducted on the internet.[14] Keffer's failure to protect against this known vulnerability underscores its gross negligence.

29.    Using the information he acquired from Keffer, in addition to information that he acquired through other sources, Weiss was able to obtain further unauthorized access to the social media, email, and/or cloud storage accounts of more than 2,000 target athletes as well as more than 1,300 students or alumni from schools across the country by guessing or resetting their passwords, unbeknownst to account holders.[15]

---

[13] *Id.*

[14] *Id.*

[15] *Former University of Michigan Football Quarterbacks Coach and Co-Offensive Coordinator Indicted on Charges of Unauthorized Access to Computers and Aggravated Identity Theft*, UNITED STATES ATTORNEY'S OFFICE EASTERN DISTRICT OF MICHIGAN (March 20, 2025), https://www.justice.gov/usao-edmi/pr/former-university-michigan-football-quarterbacks-coach-and-co-offensive-coordinator.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 | F: (213) 788-4070 | clarksonlawfirm.com

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

30.    Weiss' research on targeted athletes included searching for personal information that might be pertinent to identifying their passwords, such as their mothers' maiden names, pets' names, places of birth, and nicknames.[16]

31.    After obtaining access to the personal accounts of the targeted athletes, Weiss searched for and downloaded the personal, intimate digital photographs and videos of these account holders, which were never intended to be shared with anyone other than their intimate partners.[17]

32.    Beyond gaining unauthorized access to the personal, intimate digital photographs and videos of targeted athletes, which were not intended for public viewing, Weiss kept notes on these individuals, who consisted primarily of female college athletes, including notes commenting on their bodies and sexual preferences—all unbeknownst to them.[18]

---

[16] Indictment at 2-3, *United States of America v. Matthew Weiss*, No. 2:25-cr-20165 (E.D. Mich Mar. 20, 2025), https://www.justice.gov/usao-edmi/media/1394076/dl?inline.

[17] *Former University of Michigan Football Quarterbacks Coach and Co-Offensive Coordinator Indicted on Charges of Unauthorized Access to Computers and Aggravated Identity Theft*, UNITED STATES ATTORNEY'S OFFICE EASTERN DISTRICT OF MICHIGAN (March 20, 2025), https://www.justice.gov/usao-edmi/pr/former-university-michigan-football-quarterbacks-coach-and-co-offensive-coordinator.

[18] Indictment at 2, *United States of America v. Matthew Weiss*, No. 2:25-cr-20165 (E.D. Mich Mar. 20, 2025), https://www.justice.gov/usao-edmi/media/1394076/dl?inline.

CLASS ACTION COMPLAINT

33.    Sometimes, Weiss returned years later to search for new images of these targeted individuals, who he researched and sought out based on their school affiliation, athletic history, and physical characteristics.[19]

34.    During Weiss' almost decade-long crime spree, the University of Michigan, its Board of Regents, and Keffer Development, which created and maintained the cloud software Weiss used to obtain Private Information for over 150,000 student athletes, gave Weiss unnecessary access to vast amounts of personal information and allowed him to exfiltrate it for his own use. There were no checks in place to monitor Weiss' access and use of data or to detect the highly unusual activity. This also enabled Weiss to hack into personal accounts of thousands of students, student athletes, and alumni to violate intimate aspects of their personhood and bodily integrity for almost a decade.

### Jane Roe's Experience

35.    Jane Roe is a junior at the University of Michigan, Ann Arbor campus, and has been active in the athletics program there since she enrolled.

---

[19] *Former NFL, Michigan assistant coach Matt Weiss charged with hacking for athletes' intimate photos*, AP NEWS (Mar. 20, 2025) https://apnews.com/article/michigan-football-college-coach-hacking-weiss-2f57fdfd02043b1cac114b209b1d6a4c.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

36.     Plaintiff Roe was one of the student athletes whose information was unlawfully obtained, without authorization, by Weiss for his own personal use and without Plaintiff's knowledge or agreement.

37.     Plaintiff Roe's personal information is still being held by the University Defendants and Keffer, and thus could still be potentially misused by bad actors such as Weiss.

38.     Plaintiff Roe would not have consented to Defendant Weiss obtaining her Private Information for his own personal use if she had been given the opportunity to consent.

39.     Plaintiff Roe did not know, and could not have reasonably known, that Defendant Weiss would secretly obtain, view, exfiltrate, or use her Private Information for his own illicit use.

40.     Plaintiff Roe did not know, and could not have reasonably known, that the University Defendants would fail to properly screen, vet, hire, supervise, or discipline their employees, including Weiss, to the degree that he was able to invade her privacy and that of thousands of other student athletes.

41.     Plaintiff Roe did not know, and could not have reasonably known, that Keffer would fail to properly secure her Private Information and prevent individuals like Weiss from obtaining her Private Information without her knowledge or consent.

42.     Plaintiff Roe would not have provided her information to Keffer or the University Defendants if she had known they would fail to adequately protect her Private Information from accused criminals like Weiss.

43.     Plaintiff Roe believed that the University would ensure its employees, including Weiss, followed all applicable laws and regulations and would not attempt to secretly or illegally obtain her Private Information, or that of other students or student athletes.

44.     Plaintiff Roe believed that any technology vendor or contractor for the University, like Keffer, would ensure her information was secure from theft, exfiltration, or illicit use.

45.     Plaintiff Roe was shocked and appalled when she found out, through the media and public filings, that Weiss had illegally obtained her Private Information for his own personal use. Plaintiff Roe felt violated, humiliated, and suffered an invasion of privacy that cannot be remedied.

46.     Plaintiff seeks to hold the Defendants accountable for their actions and inactions that have caused immense fear, anxiety, humiliation, loss of dignity, and loss of privacy that cannot simply be undone. Plaintiff and the Class Members seek not just compensation, but also injunctive and equitable relief to ensure this failure is the last.

///

CLASS ACTION COMPLAINT

*__Loss of Privacy and Dignitary Harm__*

47.    Defendants' conduct enabled a significant violation of privacy, extending far beyond the mere loss of data. The type of information compromised ranged from personal information like names, contact information and passwords to medical and psychological information and intimate photos and communications that were never meant for public viewing or viewing by an unauthorized third party. When extremely sensitive personal information such as this is compromised, individuals face a cascade of potential harm that erodes their sense of security and control, as information that they thought would remain confidential and private has now been leaked to the outside world, and which they no longer exercise control over. This exposure can lead to a profound sense of vulnerability, as individuals grapple with the knowledge that their most personal details are now in the hands of unknown actors, free to circulate and be publicized now, or at any time in the future.

48.    Information regarding an individual's health and medical choices, such as here, as well as private communications and intimate photos meant for a romantic partner are among the most sensitive information there is. An individual's right to privacy regarding their body, their medical and psychological care, their romantic interests and their sexual and intimate life are the most sacrosanct and inviolable rights an individual possesses, striking to the very core of their personhood and dignity. Harm relating to an individual's loss of privacy and dignitary harm,

especially with information as sensitive as this, has also long been recognized by courts and in the common law.

49.     When an individual loses this privacy and such sensitive information is viewed by a third party without their knowledge or consent, this harm cannot be undone. Weiss' unlawful and immoral violation of the personal and intimate lives of thousands of young people shocks the conscience and causes humiliation and loss of dignity that cannot be easily undone. The University Defendants and Keffer's failure to safeguard this sensitive information has stripped Plaintiff and the Class Members of this essential control, exposing them to the potential for enduring emotional distress and the profound sense of vulnerability that accompanies the exposure of deeply private matters.

50.     By stripping Plaintiff and the Class Members of their right to control this sensitive information about themselves, Defendants have done immense harm to Plaintiff and the Class Members' rights to privacy as well as their personal dignity and bodily sovereignty. This permanent loss of security and fundamental right to privacy and bodily autonomy is harm that no compensation can ever fully restore.

## **TOLLING**

51.     Plaintiff realleges and incorporate by reference all preceding allegations as though fully set forth herein.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

52.     The statutes of limitations applicable to Plaintiff's claims were tolled by Defendants' conduct and Plaintiff's and Class Members delayed discovery of their claims.

53.     As alleged above, Plaintiff did not know, and could not have known, that Defendant Weiss would have surreptitiously obtained her personal photographs and information without her consent.

54.     The Defendants' alleged unlawful conduct could not have been discovered until at least March 2025 when Weiss was arrested and publicly indicted in federal court for his illegal access of thousands of accounts, including obtaining private and personal information on thousands of athletes at the University of Michigan and up to another 100 universities.

55.     Plaintiff could not have discovered, through the exercise of reasonable diligence, the full scope of Defendants' alleged unlawful conduct, as Weiss surreptitiously accessed her information and the other Defendants failed to stop him or otherwise make Plaintiff and the Class Members aware of this illegal activity.

56.     All applicable statutes of limitations have been tolled by operation of the delayed discovery rule. Under the circumstances, Defendants were under a duty to disclose the nature and significance of the invasion of privacy but did not do so. Defendants are therefore estopped from relying on any statute of limitations.

CLASS ACTION COMPLAINT

## **CLASS ACTION ALLEGATIONS**

57.     Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated.

58.     Specifically, Plaintiff proposes the following classes (collectively, the "Class"):

**All individuals whose Private Information was accessed without authorization by Matthew Weiss.**

This definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

59.     The Class is comprised of, at minimum, tens of thousands of students and student athletes, both at the University of Michigan as well as numerous other universities across the country, who had information exposed as part of Weiss' illegal access (the "Class Members"). The Class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court.

60.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that the Class was exposed to the same common harm. The questions of law and fact common to the Class predominate over questions which may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

a.  Whether Defendant Weiss surreptitiously entered and took Private Information from Plaintiff and Class Members;

b.  What information Defendant Weiss obtained from Plaintiff and the Class Members without their knowledge or consent;

c.  The method, or methods, by with Defendant Weiss obtained this Private Information;

d.  Whether the University Defendants' or Keffer's failure to implement effective security measures to protect Plaintiff's and the Class's Private Information was negligent;

e.  Whether the University Defendants were negligent in hiring, retaining, or supervising Defendant Weiss;

f.  Whether Defendant Keffer represented to Plaintiff and the Class that it would protect Plaintiff's and the Class Members' Private Information;

g.  Whether the Defendants owed a duty to Plaintiff the Class to exercise due care in collecting, storing, and safeguarding their Private Information;

h.  Whether the Defendants breached a duty to Plaintiff and the Class to exercise due care in collecting, storing, and safeguarding their Private Information;

CLASS ACTION COMPLAINT

i.      Whether the Defendants' conduct caused or resulted in damages to Plaintiff and the Class;

j.      Whether Defendants failed to notify the public of the unlawful access in a timely and adequate manner;

k.      Whether Defendant Keffer or the University Defendants knew or should have known that their systems, including but not limited to training protocols and policies, left it vulnerable to unauthorized access;

l.      Whether Defendant Keffer or the University Defendants adequately addressed the vulnerabilities that allowed for Weiss' unauthorized access; and

m.      Whether, as a result of the Defendants' conduct, Plaintiff and the Class are entitled to damages and relief.

61.    Plaintiff's claims are typical of the claims of the proposed Class, as Plaintiff and Class Members were harmed by the Defendants' uniform unlawful conduct.

62.    Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained competent and experienced counsel in class action litigation and other complex litigation.

CLASS ACTION COMPLAINT

63.    The Class is identifiable and readily ascertainable. Notice can be provided to such purchasers using techniques and a form of notice similar to those customarily used in class actions, and by internet publication, radio, newspapers, and magazines.

64.    A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.

65.    The litigation and resolution of the Class's claims are manageable. Individual litigation of the legal and factual issues raised by the Defendants' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

66.    The Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual member of the Class that would establish incompatible standards of conduct for the Defendants.

CLASS ACTION COMPLAINT

67.    Absent a class action, Defendants will likely retain the benefits of their wrongdoing. Absent a representative action, Class Members will continue to suffer losses.

## COUNT ONE

## INVASION OF PRIVACY

### (*Against all Defendants and on Behalf of Plaintiff and the Class*)

68.    Plaintiff, individually and on behalf of the Class, herein repeats, realleges and fully incorporates all allegations in all preceding paragraphs.

69.    Plaintiff and the Class Members had a reasonable and legitimate expectation of privacy in their Private Information that the Defendants failed to adequately protect against compromise from unauthorized third parties.

70.    The Defendants owed a duty to Plaintiff and Class Members to keep their Private Information confidential.

71.    Defendant Keffer and the University Defendants failed to protect, and allowed the Private Information of Plaintiff and Class Members to be exfiltrated and stolen by Defendant Weiss.

72.    Defendant Weiss additionally invaded the Privacy of Plaintiff and the Class Members by secretly obtaining their Private Information as well as photos, communications, and other information for his own personal and illicit use without the knowledge or consent of Plaintiff or the Class Members.

CLASS ACTION COMPLAINT

73.    By failing to keep Plaintiff's and Class Members' Private Information safe, knowingly utilizing unsecure systems and practices, Defendants unlawfully invaded Plaintiff's and Class Members' privacy by, among others, (i) intruding into Plaintiff's and Class Members' private affairs in a manner that would be highly offensive to a reasonable person; (ii) failing to adequately secure their Private Information from disclosure to unauthorized persons and/or third parties; and (iii) enabling the disclosure of Plaintiff's and Class Members' Private Information without consent.

74.    Defendants knew, or acted with reckless disregard of the fact that, a reasonable person in Plaintiff's and Class Members' position would consider their actions highly offensive.

75.    The University Defendants and Keffer knew, or acted with reckless disregard of the fact that, organizations handling PII or PHI are highly vulnerable to cyberattacks and that employing inadequate security and training practices would render them especially vulnerable to data breaches.

76.    As a proximate result of such unauthorized disclosures, Plaintiff's and Class Members' reasonable expectations of privacy in their Private Information was unduly frustrated and thwarted, thereby causing Plaintiff and the Class Members undue harm.

CLASS ACTION COMPLAINT

77.    The University Defendants are vicariously liable for Defendant Weiss' actions taken in his role as an employee of the University.

78.    Plaintiff seeks injunctive relief on behalf of the Class, restitution, as well as any and all other relief that may be available at law or equity. Unless and until enjoined, and restrained by order of this Court, the Defendants' wrongful conduct will continue to cause irreparable injury to Plaintiff and Class Members as other individuals could access Plaintiff's and Class Members highly sensitive communications, messages, photographs, as well as health related information. Plaintiff and Class Members have no adequate remedy at law for the injuries in that a judgment for monetary damages will not end the invasion of privacy for Plaintiff and the class.

## COUNT TWO

## INTRUSION UPON SECLUSION

### (*Against All Defendants on Behalf of Plaintiff and the Class*)

79.    Plaintiff, individually and on behalf of the Class, herein repeats, realleges and fully incorporates all allegations in all preceding paragraphs.

80.    Plaintiff's and Class Members' Private Information is and always has been private and confidential.

81.    Dissemination of Plaintiff's and Class Members' Private Information is not of a legitimate public concern; publication to third parties of their Private

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

CLASS ACTION COMPLAINT

Information would be, is and will continue to be, offensive to Plaintiff, Class Members, and other reasonable people.

82.    By failing to keep Plaintiff's and Class Members' Private Information secure, and disclosing Private Information to unauthorized parties for unauthorized use, Defendant Keffer and the University Defendants unlawfully invaded Plaintiff's and Class Members' privacy right to seclusion.

83.    Defendant Keffer and the University Defendants' wrongful actions and/or inaction constituted, and continue to constitute, an invasion of Plaintiff's and Class Members' privacy by publicly disclosing their Private Information when they allowed Defendant Weiss to exfiltrate large amounts of Private Information regarding student athletes at the University as well as other institutions.

84.    Defendant Weiss also directly invaded the privacy of Plaintiff and the Class Members when he exfiltrated large amounts of data from the computer systems of Keffer and the University Defendants as well as hacking into the personal accounts of thousands of students, student athletes, and alumni.

85.    Defendant Weiss' intrusions were substantial and would be highly offensive to a reasonable person, constituting an egregious breach of social norms.

86.    Plaintiff and the Class Members were, and continue to be, damaged as a direct and proximate result of the Defendants' invasion of their privacy by publicly

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

disclosing their Private Information, for which they suffered loss and are entitled to compensation.

87.   The University Defendants are vicariously liable for Defendant Weiss' actions taken in his role as an employee of the University.

88.   As a direct and proximate result of the Defendants' violations, Plaintiff and the Class have suffered and continue to suffer injury.

## COUNT THREE

## NEGLIGENCE

**(*Against Keffer and the University Defendants and on Behalf of Plaintiff and the Class*)**

89.   Plaintiff, individually and on behalf of the Class, herein repeats, realleges, and fully incorporates all allegations in all preceding paragraphs.

90.   The University Defendants and Keffer owed a duty to act with due and reasonable care towards the public and in particular the students of the University as well as other individuals whose information was within Keffer's computer system.

91.   The University Defendants and Keffer were aware that its students and especially student athletes could be in danger from staff, especially as the University

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

of Michigan had settled a case involving a physician that had abused hundreds of student athletes over a period of decades.[20]

92.    Defendant Keffer, however, did not ensure that its communication system was secure and could adequately protect the users of its service, including the student athletes.

93.    The University Defendants also failed to implement policies and procedures to ensure that their staff, especially coaches and other athletic trainers who by nature of their role have a great deal of power over students, were adequately monitored and supervised to ensure that they did not mistreat students including by hacking into their accounts or otherwise obtaining information secretly.

94.    At all times relevant, the University Defendants were well aware of the dangers its athletic employees could posed and the vulnerable place its student athletes were in, but failed to do what was necessary in order to ensure they were protected. The University Defendants were aware that their student athletes depend on them to provide a safe environment, but they failed to do so by neglecting their responsibility and allowing Defendant Weiss to hack into and obtain enormous amounts of private information on them without their knowledge.

---

[20] Ivan Pereira, *University of Michigan reaches $490M settlement with sex abuse survivors*, ABC NEWS (Jan. 19, 2022), https://abcnews.go.com/US/university-michigan-reaches-490m-settlement-sex-abuse-survivors/story?id=82353991.

CLASS ACTION COMPLAINT

95.    Defendant Keffer also knew the sensitivity of the information kept on its system but failed to ensure that it was secure.

96.    For the above reasons and others, the University Defendants and Keffer breached the duty of reasonable care to Plaintiff and the Class Members.

97.    As a legal and direct result of the University Defendants and Keffer's actions and omissions, Plaintiff and the Class Members had their personal information targeted, stolen, and viewed without their knowledge or permission, including highly sensitive information such as intimate photos, private communications, and other information.

98.    As a direct and proximate result of the University Defendants and Keffer's general negligence, Plaintiff suffered economic and non-economic damages.

99.    Plaintiff, individually, on behalf of the Class members, seeks all monetary and non-monetary relief allowed by law, including actual damages, statutory damages, punitive damages, preliminary and other equitable or declaratory relief, and attorneys' fees and costs.

///

///

///

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

## COUNT FOUR

## NEGLIGENT HIRING, RETENTION, AND SUPERVISION

**(*Against the University Defendants on Behalf of Plaintiff and the Class*)**

100.   Plaintiff, Individually and on behalf of the Class, herein repeats, realleges, and fully incorporates all allegations in all preceding paragraphs.

101.   the University Defendants engaged and retained or otherwise employed Defendant Weiss, who hacked into student athletes accounts and stole and viewed information between approximately 2015-2023.

102.   The University Defendants did not adequately interview, vet, or screen Weiss when hiring him. The University Defendants failed to use reasonable care to discover his lack of fitness to work at the University due to his frequent and extensive invasion of students' privacy.

103.   Despite failing to reasonably endeavor to investigate Weiss, the University Defendants hired him and gave him access to student athletes and their information.

104.   The University Defendants knew or should have known of the risks.

105.   The University Defendants failed to employ measures to adequately supervise Weiss.

106.   The University Defendants were negligent in failing to discover Defendant Weiss' actions on its computer systems for the 8 years he did so.

107.   Because of the University Defendants' failure to adequately screen and supervise Defendant Weiss, Plaintiff and the Class Members had their privacy invaded, personal photos and communications stolen, and otherwise subject to an invasion of privacy and violation of their fundamental rights.

108.   The University Defendants' negligence in hiring, retaining, and or supervising Weiss, caused Plaintiff and the Class Members to have their privacy invaded and personal photos and communications viewed without their knowledge or consent, which humiliated, degraded, violated, and robbed Plaintiff and the Class Members of their dignity and personal safety.

109.   As a direct and proximate result of the University Defendants' negligent supervision, hiring, and retention Weiss, Plaintiff suffered economic and non-economic damages.

110.   Plaintiff, individually, on behalf of the Class members, seeks all monetary and non-monetary relief allowed by law, including actual damages, statutory damages, punitive damages, preliminary and other equitable or declaratory relief, and attorneys' fees and costs.

///

///

///

///

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

CLASS ACTION COMPLAINT

## COUNT FIVE

## STORED COMMUNICATIONS ACT

### (*Against all Defendants and on Behalf of Plaintiff and the Class*)

111.   Plaintiff, Individually and on behalf of the Class, herein repeats, realleges, and fully incorporates all allegations in all preceding paragraphs.

112.   A violation of the Stored Communications Act ("SCA") occurs when anyone "intentionally accesses without authorization a facility through which an electronic communication service is provided." 18 U.S.C. § 2701(a).

113.   18 U.S.C. § 2707(a) provides a private right of action to anyone "aggrieved by any violation" engaged in with a "knowing or intentional state of mind."

114.   Keffer's computer system that Weiss used, while employed by and acting for the University Defendants, is a "facility" as defined by the SCA, as it stores the personal information of Plaintiff and the Class Members as well as communications from them.

115.   Defendant Keffer allowed Defendant Weiss to access electronic communications, as well as private and confidential emails, messages, photos, and other sensitive information – all stored on cloud servers, without authorization. Weiss, using Defendants' computer systems (due to their vulnerability) gained access to the student accounts. Defendants failed to detect his "inside hacking" and

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

allowed Weis surreptitious entry and exfiltration of Plaintiff's and the Class Members' photos, confidential communications, and personal information.

116.   Plaintiff and Class members did not have knowledge of, authorize, or consent to Defendant Weiss' accessibility to Plaintiff's and Class members' Private Information stored in Keffer's computer system.

117.   Defendant Weiss' access of Plaintiff's and Class members' personally identifiable information and constitutes "unauthorized access" within the meaning of 18 U.S.C. § 2701(a) because Plaintiff and Class members had no reasonable expectation their Private Information, emails, messages, and intimate photos would be shared with anyone – including Defendants and Weiss.

118.   Defendant Weiss intentionally exceeded its authorization to access the Plaintiff's and Class members' Private Information and other information and communications through Keffer's computer system in violation of 18 U.S.C. § 2701(a)(2).

119.   Keffer failed to ensure its computer system was secure or restrict usage of it to prevent individuals such as Defendant Weiss from surreptitiously obtaining Plaintiff's and the Class Members' Private Information.

120.   Due to the Defendants' failures to comply with the law, Plaintiff and the Class Members suffered injury.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

121.   The University Defendants are vicariously liable for Defendant Weiss'
actions taken in his role as an employee of the University.

122.   Plaintiff, individually, on behalf of the Class members, seeks all
monetary and non-monetary relief allowed by law, including actual damages,
statutory damages, punitive damages, preliminary and other equitable or declaratory
relief, and attorneys' fees and costs.

## COUNT SIX

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983- INVASION OF PRIVACY

(*Against the University Defendants on Behalf of Plaintiff and the Class*)

123.   Plaintiff, individually and on behalf of the Class, herein repeats,
realleges and fully incorporates all allegations in all preceding paragraphs.

124.   The University Defendants at all times relevant to this action were
acting under color of state law.

125.   Plaintiff and the Class Members had a constitutional right to privacy
and to not be deprived of life, liberty, or property without due process as guaranteed
under the Fourteenth Amendment of the U.S. Constitution.

126.   The University Defendants hired Weiss and put him in a position
wherein he was able to invade the privacy of Plaintiff and the Class Members.

CLASS ACTION COMPLAINT

127.  Plaintiff and the Class Members were foreseeable victims of Defendant Weiss, but the University Defendants failed to ensure their safety.

128.  Due to the University Defendants' failure to ensure the safety, security, and privacy of Plaintiff and the Class Members, their Private Information was obtained by Weiss and potentially exposed to additionally and currently unknown third parties.

129.  The University Defendants acted in a willful disregard for the rights and safety of Plaintiff and the Class Members and allowed Weiss in a position wherein he could, and did, harm Plaintiff and the Class Members through the invasion of their privacy.

130.  Due to the Defendants' failures to comply with the law, Plaintiff and the Class Members suffered injury.

131.  The University Defendants are vicariously liable for Defendant Weiss' actions taken in his role as an employee of the University.

132.  Plaintiff, individually, on behalf of the Class members, seeks all monetary and non-monetary relief allowed by law, including actual damages, statutory damages, punitive damages, preliminary and other equitable or declaratory relief, and attorneys' fees and costs.

## COUNT SEVEN

## VIOLATIONS OF MICH. COMP. LAWS § 600.2919

### (*Against Weiss and the University Defendants and on Behalf of Plaintiff and the Class*)

133.   Plaintiff, individually and on behalf of the Class, herein repeats, realleges and fully incorporates all allegations in all preceding paragraphs.

134.   Mich. Comp. Laws § 600.2919a provides that a person "damaged as a result of…[a]nother person's stealing or embezzling property or converting property to the other person's own use…" may recover three times the amount of actual damages, plus reasonable attorney's fees and costs.

135.   Plaintiff and the Class Member were the victims of Defendant Weiss' theft of their personal information and suffered damages as a result.

136.   Defendant Weiss additionally converted Plaintiff and the Class Members' Private Information to his own use when he secretly stole it and used it for his own purposes without the knowledge or consent of Plaintiff or the Class Members.

137.   The University Defendants are vicariously liable for Defendant Weiss' actions taken in his role as an employee of the University.

138.   Plaintiff, individually, on behalf of the Class members, seeks all monetary and non-monetary relief allowed by law, including actual damages,

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

CLASS ACTION COMPLAINT

statutory damages, punitive damages, preliminary and other equitable or declaratory relief, and attorneys' fees and costs.

## COUNT EIGHT

## MICHIGAN IDENTITY THEFT PROTECTION ACT

### (Mich. Comp. Laws § 445.72, *et. seq.*)

### (*Against Defendants and on Behalf of Plaintiff and the Class*)

139.   Plaintiff, individually and on behalf of the Class, herein repeats, realleges and fully incorporates all allegations in all preceding paragraphs.

140.   As entities that collects, disseminates, and otherwise deals with nonpublic Private Information, The University Defendants and Keffer are each a "person or agency that owns or licenses data" of residents of the State of Michigan under Mich. Comp. Laws Ann. § 445.72(1)(a).

141.   Plaintiff and the Class Members' Private Information includes "personal information" as covered under Mich. Comp. Laws Ann. § 445.63(r). 3750.

142.   The University Defendants and Keffer were required to notify Plaintiff and the Class Members of a breach of their data security system in the most expedient time possible and without unreasonable delay if a Michigan resident's unencrypted and unredacted personal information is accessed or acquired by an unauthorized person pursuant to Mich. Comp. Laws Ann. §§ 445.72(1)(a), (4).

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   F: (213) 788-4070   |   clarksonlawfirm.com

143.   Upon information and belief, Plaintiff and the Class Members' unencrypted and unredacted personal information was accessed or compromised by Defendant Weiss without their authorization.

144.   Defendant Weiss' illicit theft and interception of the Private Information described herein constituted a "breach of the security of a database" of Keffer.

145.   Defendant Weiss violated the Identity Theft Protect Act by obtaining Plaintiff and the Class Members' Private Information in violation with the intent to violate the law, in violation of § 445.65.

146.    Because the University Defendants and Keffer knew or should have known that Plaintiff and the Class Members' Private Information was acquired by Weiss without authorization, they had an obligation to disclose the breach in a timely and accurate fashion.

147.   As alleged above, the University Defendants and Keffer unreasonably delayed informing Plaintiff and the Class Members about Weiss' unauthorized access, affecting their Private Information, after they knew that the unauthorized access had occurred.

148.   By failing to disclose the unauthorized access in the most expedient time possible and without unreasonable delay, the University Defendants and Keffer violated Mich. Comp. Laws Ann. §§ 445.72(1)(a)(4).

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

149.   As a result of the University Defendants and Keffer violation of Mich. Comp. Laws Ann. §§ 445.72(1)(a)(4), Plaintiff and the Class Members were deprived of prompt notice of the Data Breach and were thus prevented from taking appropriate protective measures.

150.   As a result of the University Defendants and Keffer violation of Mich. Comp. Laws Ann. §§ 445.72(1)(a)(4), Plaintiff and the Class Members suffered incrementally increased damages separate and distinct from those simply caused by the unauthorized access itself.

151.   The University Defendants are vicariously liable for Defendant Weiss' actions taken in his role as an employee of the University.

152.   While the Identity Theft Protection Act does not have a specific private right of action, the statute makes clear that it makes clear that it does not affect "the availability of any civil remedy for a violation of state or federal law." Mich. Comp. Laws Ann. § 445.72(15)

153.   Plaintiff, individually, on behalf of the Class members, seek any and all available relief under Michigan law pursuant to Mich. Comp. Laws Ann. § 445.72(15).

CLASS ACTION COMPLAINT

## COUNT NINE

## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

### (*Against all Defendants and on Behalf of Plaintiff and the Class*)

154.   Plaintiff, individually and on behalf of the Class, herein repeats, realleges and fully incorporates all allegations in all preceding paragraphs.

155.   The Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., authorizes this Court to enter a judgment declaring the rights and legal relations of the parties and grant further necessary relief.

156.   Furthermore, the Court has broad authority to restrain acts, such as here, that are tortious and violate the terms of the statutes described in this Complaint.

157.   The University Defendants and Keffer owe a duty of care to Plaintiff and Class Members which require it to adequately secure their Private Information when they chose to accept and store Plaintiff's and Class Members' Private Information.

158.   The University Defendants and Keffer still possess Plaintiff's and Class Members' Private Information.

159.   The University Defendants and Keffer have not made clear what specific and verifiable steps they have taken to prevent a similar breach from occurring again.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

160.    Plaintiff and Class Members are at risk of harm due to the exposure of their Private Information and the University Defendants and Keffer failures to address the security failings that lead to such exposure.

161.    An actual controversy has arisen regarding the University Defendants and Keffer's present and prospective common law and other duties to reasonably safeguard Plaintiff's and Class Members' Private Information and whether the University Defendants and Keffer are currently maintaining data security measures adequate to protect Plaintiff and the Class from further actions compromising their Private Information.

162.    Plaintiff and the Class, therefore, seek a declaration that (1) each of the University Defendants and Keffer's existing security measures do not comply with its obligations and duties of care to provide reasonable security procedures and practices appropriate to the nature of the information to protect students' Private Information, and (2) to comply with its duties of care, the University Defendants and Keffer must implement and maintain reasonable security measures, including, but not limited to:

    a.    Prohibiting the University Defendants and Keffer from engaging in the wrongful acts stated herein;

    b.    Requiring the University Defendants and Keffer to implement adequate security protocols and practices to protect their

students' Private Information consistent with the industry standards, applicable regulations, and federal, state, and/or local laws;

c.    Mandating the proper notice be sent to all affected students and alumni, and posted publicly;

d.    Requiring the University Defendants and Keffer to protect all data collected;

e.    Requiring the University Defendants and Keffer to delete, destroy, and purge the Private Information of Plaintiff and Class Members unless they can provide reasonable justification for the retention and use of such information when weighed against the privacy interests of Plaintiff and Class Members;

f.    Requiring the University Defendants and Keffer to implement and maintain a comprehensive security program designed to protect the confidentiality and integrity of Plaintiff's and Class Members' Private Information;

g.    Requiring the University Defendants and Keffer to engage independent third-party security auditors and conduct internal security audit and testing, including simulated attacks,

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

penetration tests, and audits on the University Defendants and Keffer's systems on a periodic basis;

h.       Requiring the University Defendants and Keffer to engage independent third-party security auditors and/or internal personnel to run automated security monitoring;

i.       Requiring the University Defendants and Keffer to enact policies and procedures sufficient to ensure that only individuals with the appropriate training and access may be allowed to access the Private Information data and that the viewing of the data is monitored, logged, reported and regularly analyzed to ensure it is not misused;

j.        Cooperating with Plaintiff and the Class Members in analyzing what data was specifically viewed and whether that Private Information was shared beyond Defendant Weiss; and

k.       Requiring all further and just corrective action, consistent with permissible law and pursuant to only those causes of action so permitted.

163.   The Court can, and should, issue corresponding prospective injunctive relief requiring the University Defendants and Keffer to employ adequate security

CLASS ACTION COMPLAINT

protocols consistent with the law and industry standards to protect Plaintiff's and Class Members' Private Information.

164.   If an injunction is not issued, Plaintiff and the Class will suffer irreparable injury, and lack an adequate legal remedy, in the event of another data breach of the University Defendants and Keffer's systems or networks.

165.   The hardship to Plaintiff and the Class if an injunction does not issue exceeds the hardship to the University Defendants and Keffer if an injunction is issued. The cost to the University Defendants and Keffer of complying with an injunction by employing reasonable prospective data security measures is minimal given they have preexisting legal obligations to employ these measures.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests judgment and relief on all causes of action as follows:

A.   That the Court determines that this Action may be maintained as a Class Action, that Plaintiff be named as Class Representative of the Class, that the undersigned be named as Class Counsel of the Class, and that notice of this Action be given to Class Members;

B.      That the Court enter an order declaring that the Defendants'
        actions, as set forth in this Complaint, violate the laws set forth
        above;

C.      That the Court enter an order providing declaratory and
        injunctive relief including specific steps, as outlined above,
        requiring Defendants to utilize appropriate methods and policies
        as necessary to remediate the harm suffered by Plaintiff and the
        Class members as well as to prevent future harm and properly
        secure its data, and to provide sufficient and timely notice for all
        Class Members;

D.      That the Court award Plaintiff and the Class damages (both
        actual damages for economic and non-economic harm and
        statutory damages) in an amount to be determined at trial;

E.      That the Court issue appropriate equitable and any other relief
        (including monetary damages, restitution, and/or disgorgement)
        against Defendant to which Plaintiff and the Class are entitled;

F.      That the Court award Plaintiff and the Class pre- and post-
        judgment interest (including pursuant to statutory rates of
        interest set under State law);

CLASS ACTION COMPLAINT

G.   That the Court award Plaintiff and the Class their reasonable attorneys' fees and costs of suit;

H.   That the Court award treble and/or punitive damages insofar as they are allowed by applicable laws; and

I.   That the Court award any and all other such relief as the Court may deem just and proper under the circumstances.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a trial by jury for all claims.

DATED: March 27, 2025                    Respectfully submitted,
                                         **CLARKSON LAW FIRM, P.C.**

                                    By:   */s/ Ryan J. Clarkson*
                                          Ryan J. Clarkson, (P68616)
                                          *rclarkson@clarksonlawfirm.com*
                                          Yana Hart*
                                          *yhart@clarksonlawfirm.com*
                                          Bryan P. Thompson*
                                          *bthompson@clarksonlawfirm.com*
                                          22525 Pacific Coast Highway
                                          Malibu, CA 90265
                                          Tel: (213) 788-4050
                                          Fax: (213) 788-4070

                                          *Pro Hac Vice Forthcoming*

                                          *Counsel for Plaintiff and*
                                          *the Putative Class*